# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ODESSA JONES, as wife of JAMES M. JONES, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | **8:18CV178**<br><br>**MEMORANDUM AND ORDER** |

This FELA action was filed on April 24, 2018 by Odessa Jones, the wife of decedent James M. Jones. James M. Jones died on April 25, 2015. The complaint alleges exposure to toxins while working for the railroad caused or contributed to James Jones' death. (Filing No. 1)

The caption of the complaint identifies Odessa Jones as the Personal Representative of the Estate of James M. Jones. The complaint alleges Odessa Jones is seeking recovery "as the representative" of the Estate of James M. Jones. (Filing No. 1, ¶ 2). The caption and allegation of representation were then, and remain, untrue.

On March 27, 2019, the parties notified the court that a personal representative had not been appointed to pursue several toxic fume cases filed against UPRR by Plaintiff's counsel. Byrd v. Union Pacific Railroad Co., 8:18cv36, (Filing No. 34-1). After affording Plaintiff's counsel four weeks to obtain a personal representative for all previously filed cases, the undersigned judge entered an order on April 25, 2019 stating that as to all such lawsuits, "if letters of personal representation have not already been produced, the letters shall be produced to Defendant by May 16, 2019." (Filing No. 17). The court granted

Plaintiff's request for a continuance of this deadline, setting it for June 14, 2019. (Filing No. 19).

Plaintiff's counsel did not comply with this order. Instead, on June 10, 2019, he moved to stay the deadline for filing letters of administration. ([Filing No. 20](#)) Plaintiff's motion states Odessa Jones "can open an estate, but she will not have been officially appointed the Personal Representative due to the Oregon probate process being both involved and expensive." (Filing No. 20). Plaintiff's counsel explained that UPRR had moved for sanctions of dismissal in four similar cases, and Odessa Jones did not want to incur the expense of opening and estate if the court intended to dismiss cases as a sanction for untimely showing capacity to sue. UPRR opposes the motion to stay, arguing Plaintiff's counsel has failed to show any good cause for ignoring the court's order and for failing to file an application for appointment of a personal representative before filing this lawsuit. (See, Filing Nos. 21, 22).

In [MO, KS, & TX. Ry. Co. v. Wulf, 226 U.S. 570 (1913)](#), the Court held that a plaintiff cannot maintain an FELA action on behalf of a deceased railroad worker "except as personal representative." [Wulf, 226 U.S. at 576](#). See also, Birch, 224 U.S. at 558 ("The national act gives the right of action to personal representatives only." (emphasis supplied)). Moreover, on April 19, 2019, nearly two months before Plaintiff's counsel filed the motion to stay herein, Judge Gerrard entered an order in another case handled by Plaintiff's counsel, Bettisworth v. BNSF, 8:17cv491, (Filing No. 29). In Bettisworth, BNSF moved to dismiss Plaintiff's complaint for lack of standing, arguing the action could not be pursued by a decedent railroad employee absent appointment of a personal representative. Judge Gerrard agreed, holding that FELA actions by deceased railroad employees must be litigated through a personal representative. As Judge

Gerrard explained, under the language of the FELA, a railroad employee, or "in case of the death of such employee, . . . his or her personal representative," may seek damages for injuries incurred during the course and scope of railroad employment. 45 U.S.C.A. § 51. Judge Gerrard did not, however, dismiss the case. Instead, he explained:

> Rule 17(a)(3) precludes dismissal until after an objection and a reasonable time for substitution has been allowed. The plaintiff requested that he be given 90 days from the date of this Court's order to obtain appointment as the Personal Representative for the Estate of Cathy Jo Bettisworth and thereafter seek leave to file an amended complaint. Plaintiff's request is reasonable and will be granted.

Bettisworth v. BNSF, 8:17cv491, (Filing No. 29, at CM/ECF p. 4).

In Bettisworth, Plaintiff's counsel stated 90 says was a reasonable amount of time to obtain the appointment of a personal representative. He requested and was granted 90 days. In this case, the court's order requiring service of a letter of personal representation was entered over two months ago, on April 25, 2019. (Filing No. 17). Over three months ago UPRR objected to lawsuits being filed by deceased railroad workers without appointment of personal representatives. (Filing No. 17-1).

At the outset of this lawsuit, Plaintiff's counsel was fully aware that a personal representative was necessary. The complaint itself acknowledges as such by alleging, albeit falsely, that Odessa Jones was bringing the lawsuit as the personal representative of James Jones. See Fed. R. Civ. P. 11. And the lack of a personal representative is impeding the acquisition of medical records needed in this action. (Filing No. 22-1). The lack of a personal representative

3

raises unnecessary hurdles to the discovery process which, in turn, interferes with this court's orders for progression to trial.

Based on the record herein, Odessa Jones did not file any action for appointment of a personal representative before May 22, 2019–the date UPRR filed motions seeking dismissal of four other lawsuits as a sanction for failing to timely disclose letters of personal representation. Once those motions were filed, she did not pursue appointment as a personal representative, instead choosing to wait until she knew the outcome on the motions for sanctions.

To summarize: Odessa Jones filed this lawsuit without the capacity to do so; the complaint falsely represents that she is the personal representative of James M. Jones, a deceased person; the discovery process is being disrupted by her lack of capacity to represent the decedent; when notified over three months ago that UPRR objected to her lack of capacity to sue, she did nothing to correct the defect; when the court ordered her to correct it, she did not; and, now she has chosen to do nothing to correct the issue of standing while she waits to see if other lawsuits are dismissed for similar conduct. These facts do not support good cause to stay court-ordered deadlines. They support an award of sanctions.

The court will award attorney fees to UPRR for its costs and expenses in pursuing discovery to determine whether Odessa Jones was appointed as personal representative of James M. Jones' estate, and in responding to the pending motion to stay. But an award of attorney fees is insufficient to address the gravity of the conduct at issue, and under the facts of this case, an order establishing certain adverse facts as true or certain claims dismissed would effectively result in a dismissal.

Dismissal is a harsh outcome, particularly where, as in this case, the statute of limitations will impose a bar to re-filing. The court will therefore grant Plaintiff an additional 14 days to file documentation showing Odessa Jones is the personal representative for James M. Jones. If a notice or letter of personal representative/administrator is not timely filed, this case will be dismissed without further notice.

IT IS ORDERED that as to Plaintiff's motion to stay, ([Filing No. 20](Filing No. 20)),

1) Odessa Jones is given until July 23, 2019 to file a copy of an order appointing her as the personal representative and/or administrator for the estate of James M. Jones. Failure to timely comply with this order will result in the final and immediate dismissal of this case without further notice.

2) The clerk shall correct the docket to reflect that Odessa Jones is suing as the wife of James M. Jones.

3) Defendant is awarded recovery of attorney fees and expenses incurred in performing discovery to determine whether Odessa Jones has the capacity to sue, and for filing its response to Plaintiff's motion to stay, and

   a. On or before August 1, 2019, Defendant shall submit an itemized billing statement of its fees and expenses associated with the capacity to sue discovery and its response to the motion to stay.

   b. Plaintiff's counsel shall respond to this itemization within ten days thereafter.

   c. If the parties agree as to the amount to be awarded, on or before August 22, 2019, they shall file a joint stipulation for entry of an order awarding costs and fees to Defendant.

d.  If the parties do not agree on the attorney fees and costs to be awarded, or if Plaintiff does not timely respond to the Defendant's itemization and demand, Defendant shall file a motion for assessment of attorney fees and costs by no later than September 5, 2019. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

e.  If a motion for fees is required, the court may award Defendant up to an additional $750.00 to recover the cost of preparing its motion for assessment of fees.

July 9, 2019

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge